## SUPERIOR COURT OF BALTIMORE CITY.

Filed February 16, 1928.

J. A. W. IGLEHART
VS.
GOV. ALBERT C. RITCHIE ET AL.

*Janney, Ober, Slingluff & Williams* for plaintiff.

*Attorney-General Thomas H. Robinson* and *Assistant Attorneys-General Herbert Levy* and *John Hubner Rice* for defendants.

FRANK, J. (Orally)—

(The Court) Gentlemen, the questions here are extremely important and have been admirably argued. They are such as really demand and are entitled to prolonged consideration, and I realize that although my decision may not be final, I ought to give the best attention I can to it, but I must decide it immediately because of the important public interests involved, and in order to enable you to carry the case further, if you so desire.

We have here a situation in which the Board of Public Works advertises for bids on certain bonds or certificates of indebtedness to be issued by the State of Maryland, pursuant to an Act of the Legislature. All bids, of course, must be submitted pursuant to the terms of that advertisement; if they are not so submitted they cannot be regarded as an acceptance of the offer thus made. The advertisement necessarily leaves open one element in the contract to be made, and that is the price, but it specifies how that price is to be determined. It is to be from the highest responsible bidder, and so soon as that price is indicated by a bid in proper form, I take it, that while the Board has a right to refuse to accept any of the bids, to reject all of them in its discretion, that the mandatory language of the statute, "shall be awarded to the highest bidder," will come into effect as respects a bid which complies with the terms of the advertisement in all respects, if the Board does not exercise this discretion.

Petitioner's bid contains the language which has been so frequently referred to this afternoon, that its acceptance must be with the approval of the distinguished law firm, whose name has been mentioned here. The approval so stipulated is general and apparently would give the gentlemen named the right bona fide to refuse their approval on any ground. It is not infrequent in these days for lawyers to give their clients business advice, and even financial advice—although that may be gratuitous in the case of bankers—in addition to legal advice.

I shall choose for the purpose of my decision to consider that Governor Ritchie's conception of what was intended, and what the Board of Public Works considered to be intended, was actually the purpose of this stipulation; that is to say, it was to be the approval of these gentlemen as to the validity or legality of the proposed issue that was to be required and they were to treat the matter solely from that point of view. I am not indicating that I do not think that there may not be force in the other suggestion, because the bid as a bid, it may well be, should be considered in accordance with its terms.

Now, there is one proposition that has not been discussed at the bar today, and that is as to whether or not the Board of Public Works was justified in refusing to permit petitioners' bid to be amended, after all of the

sealed bids had been opened, so as to eliminate the objectionable feature. I concur in the view that the Board had, as stated by Governor Ritchie in his testimony, no such right. If the Board had the right to permit the bid of the petitioner to be amended in this particular, they certainly would have the right to have had it amended in other respects, and no such doctrine could in fairness be permitted in the case of sealed bids submitted in pursuance of a public advertisement. I take it that is the view of counsel for both sides because the question has not been argued. The bid not being capable of being amended, was it what has been regarded in some of the cases as a conditional bid, and therefore not one in accord with the advertisement, or was it to be regarded, as petitioners have argued, an unconditional bid in accordance with the terms of the advertisement? It seems to me that a bid subject to approval by counsel as to legal sufficiency is a very different proposition from an unconditional bid. Where an unconditional bid has been made the only question involved is as to the validity and marketability of the securities offered. Where, however, counsel must approve, then something short of invalidity and unmarketability may be sufficient to justify counsel in refusing to accept the issue. The cases that have been referred to by counsel for respondents illustrate that. We have a case in Maryland, not precisely on the very matter involved here, a sale of securities, but in a similar situation, a sale of real estate, that also well illustrates it. That is the case of Goldberg vs. Feldman, 108 Md., beginning on page 330, and this matter is more particularly treated on pages 335, etc. In that case there was an agreement for the sale of property, and the agreement contained a provision that the vendee must not engage in the liquor business in the property that was sold. The vendor desired that for his protection, because he himself was in the liquor business—that was in the old days when it was perfectly proper to be in the liquor business under certain circumstances.

(Mr. Robinson) Perfectly legal.

(The Court) Perfectly legal—I think that is a proper amendment. A difference of opinion arose between Mr. Rosenbush, who represented the vendor, and Mr. Hyland Stewart, who repre-

sented the vendee. Mr. Rosenbush thought in order to make his client absolutely safe, the deed should state that that agreement not to engage in the liquor business was part of the consideration. Mr. Stewart did not think that was necessary, and they were firm, and Mr. Stewart would not accept the sort of deed that Mr. Rosenbush wanted and he insisted on the deed that he had prepared. Then a bill for specific performance was filed by the vendee against the vendor. Now, in the contract of sale, it was provided that the deed must be satisfactory to the vendor, and Mr. Rosenbush, the vendor's attorney, was able to produce certain dicta from the textbooks—as the Court of Appeals said—to the effect that it was at least a more desirable and safer thing to have the covenants made part of the consideration, and although they indicate that the law may be to the contrary, and in the absence of this stipulation in the contract, specific performance would have been decreed, they state they could not say that Mr. Rosenbush was not acting in good faith, he did have some basis for his contention, and therefore specific performance was refused. It seems to me the same principle must be applied here. It is perfectly conceivable that with the care with which I know they would have done the work, if they had been permitted to do it, counsel for the petitioners might well have pointed out certain things that they desired to have done, and they might have been of such a character that no Court could say they were not advanced in good faith, and therefore the Board of Public Works might have been required to do certain things as a condition to putting the sale through that would be unfavorable to the State of Maryland, and might result in loss to the State of Maryland. On the other hand, if the bid had been unconditional or had expressed what has been very well stated at the bar, to be an implied element in every contract of sale, that a good marketable title for the bonds must be given, then it would be simply a question of what the Court would have considered a good marketable title to these bonds. It seems to me, therefore, that the bid in the form in which it was presented, did impose this additional burden and obstacle upon the State of Maryland in issuing its securities, and that therefore there was a

real discretion—bona fide discretion vested in the Board of Public Works to refuse to issue the bonds under such circumstances, and to reject petitioner's bid.

I prefer to put my ruling on this ground alone and to leave the other questions that were argued unanswered at this time. This conclusion will require me to refuse the petitioners' prayer, find a verdict for respondents and deny the writ.